IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Gorney, a single man,<br><br>    Plaintiff,<br><br>v.<br><br>Arizona Board of Regents; Thomas P. Miller; Dan Nelson; Jacqueline Lee Mok; Allison Vaillancourt; Steve Husman,<br><br>    Defendants. | No. CV-13-00023-TUC-CKJ (HCE)<br><br>**REPORT AND RECOMMENDATION** |

  Before the Court are Defendants' Motion To Dismiss (Doc. 3) and Plaintiff Dale Gorney's (hereinafter "Plaintiff") Motion For Summary Judgment and Motion For Judgment On The Pleadings (Docs. 15, 18). Because oral argument would not aid the Court's decisional process and the briefing is adequate, Plaintiff's request for oral argument will be denied. *See generally Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

  Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Hector C. Estrada for a Report and Recommendation. (Doc. 10).

  For the reasons stated below, the Magistrate Judge recommends that Defendants' motion to dismiss be granted and Plaintiff's motions be denied as moot.

I. **BACKGROUND**

Plaintiffs' complaint, filed in Pima County Superior Court on December 12, 2012, alleges that his termination from employment at the University of Arizona was (1) in violation of state public policy; (2) retaliatory discharge in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*; (3) retaliation in violation of the First Amendment; (4) a violation of the Equal Protection Clause of the Fourteenth Amendment; (5) a violation of the Procedural Due Process rights of the Fourteenth Amendment; (6) a breach of the implied-in-law covenant of good faith and fair dealing; and (7) tortious interference with a contractual relationship. (Doc. 1, Ex. 2 ("Complaint")). Plaintiff's Complaint seeks (1) reinstatement of employment; (2) a written employment contract; (3) back-pay; (4) loss of earnings; and (5) general and punitive damages. (*Id.*)

On January 10, 2013, Defendants filed a notice of removal in this court alleging federal question jurisdiction over claims arising under the FLSA and the United States Constitution and supplemental jurisdiction over the state law claim. (Doc. 1, at 2). Defendants moved to dismiss this matter, pursuant to Rule 12(b)(6), arguing the Complaint fails to state any claim upon which relief may be granted. (Doc. 3). The motion is fully briefed. (Docs. 3,7,9,11).

Plaintiff has moved for summary judgment and judgment on the pleadings. These motions are also fully briefed. (Docs 15-17, and 18-21, respectively).

## II.     RULES GOVERNING PRO SE LITIGANTS

The Ninth Circuit upholds a "policy of liberal construction in favor of pro se litigants." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). Litigants have a statutory right to self-representation in civil matters, *see* 28 U.S.C. § 1654, and are entitled to meaningful access to the courts. *Rand*, 154 F.3d at 957 (citations omitted). Consequently, the Court tolerates informalities from civil pro se litigants like the Defendants.

The Ninth Circuit, is clear that a *pro se* litigant must "abide by the rules of the court in which he litigates", *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (quoting *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986)); s*ee King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) *overruled on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). When faced with a motion to dismiss under Rule 12(b)(6), *pro se* litigants are entitled to notice of the complaint's deficiencies and an opportunity to amend, prior to dismissal of the action, unless it is absolutely clear that the deficiencies could not be cured by amendment. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000).

III.     **DEFENDANTS MOTION TO DISMISS**

    A. <u>Board of Regents: Eleventh Amendment Immunity and Sovereign Immunity</u>

Defendants argue that Gorney's federal claims against Defendant Arizona Board of Regents (Counts Two through Five) fail as a matter of law, and must be dismissed. Section 1983 serves to ensure that an individual has a cause of action for violations of the

Constitution. *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617 (1979); *Gomez v. Toledo,* 446 U.S. 635, 638 (1980)(citing 42 U.S.C. § 1983)("Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory.'"). Thus, Gorney claims that the Arizona Board of Regents ("the Board") violated the First Amendment, the Equal Protection Clause and Procedural Due Process Rights of the Fourteenth Amendment are brought pursuant to 42 U.S.C. § 1983. *See id*. Defendants assert that the State and its entities have Eleventh Amendment immunity from claims under Section 1983. *Mitchell v. Los Angeles Comm'ty Coll. Dist.,* 861 F.2d 198, 201 (9th Cir. 1988). Defendants also argue that Gorney cannot sue the Board under the FLSA because Congress has not abrogated the State's sovereign immunity on those cases. *See Alden v. Maine,* 527 U.S. 706, 754 (1999).

Gorney argues in response that the Supreme Court has recognized that Congress has abolished whatever vestige of the State's sovereign immunity municipalities possessed. *See Howlett v. Rose*, 496 U.S. 356, 376 (1990)(Stating that "since the Court has held that municipal corporations and similar governmental entities are 'persons,' a state court entertaining a § 1983 action must adhere to that interpretation.")(internal citations omitted). Gorney's reliance on *Howlett* is misplaced. *Howlett* noted that, under Section 1983, municipal corporations are considered "persons." *Id*. at 376 (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 663 (1978)). However, the State nor the Board is a "person" under Section 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58

(1989). The Board is an arm of the State. Ariz. Const., Art. XI, A.R.S. § 15-1601; *Rutledge v. Ariz. Bd. of Regents*, 660 F.2d 1345, 1349-50 (9th Cir. 1981) (*abrogated on other grounds by Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985)(*en banc*)). Thus, the Board cannot be sued under Section 1983.

Gorney next argues that, pursuant to 29 U.S.C. § 216(b), an action under FLSA 215(a)(3) may be brought against any employer, including a public agency, in federal or state court. The Supreme Court, however, has held that Congress has not abrogated the State's sovereign immunity on FLSA cases. *See Alden,* 527 at 712. Thus, Gorney's Section 1983 and FLSA claims against the Board fail as a matter of law. Accordingly, the Magistrate Judge recommends that the District Judge dismiss the Arizona Board of Regents as to Counts Two through Five of the Complaint.

B.   Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), well-pled factual allegations "are taken as true and construed in the light most favorable to the nonmoving party." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009), and therefore "are insufficient to defeat a motion to dismiss for failure to state a claim," *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Defendants argue that Gorney has failed to plead sufficient factual allegations in his Complaint to withstand a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), as elucidated by the Supreme Court in in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. v. Twombly,* 550 U.S. 544, 570 (2007). Defendants argue that Plaintiff's Complaint is "filled with conclusory statements devoid of factual allegations." (Doc. 3, at p.3). A "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

### *1. Federal Claims*

To prevail on a § 1983 claim, a plaintiff must prove a violation of an underlying federal right. *Tennison v. City and County of San Francisco*, 570 F.3d 1078, 1088 (9th Cir.2009*); Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002) ("To prove a case under § 1983, the plaintiff must demonstrate that ... the action resulted in the deprivation of a constitutional right or federal statutory right."). "[A]n individual may recover under § 1983 only when his federal rights have been violated." *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir.1996).

In Count Two, Gorney alleges a claim under 42 U.S.C. § 1983, specifically,

"retaliation for filing any FLSA violation complaint." (Complaint ¶ 10). It is not clear from Gorney's Complaint if he is attempting to bring this claim pursuant to FLSA or 42 U.S.C. § 1983, although paragraph three of the Complaint suggests that he is. The availability of a private right of action in FLSA, strongly suggests a Congressional intent to preclude resort to § 1983. *See Middlesex County Sewerage Auth. V. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19-20 (1981); *Ahlmeyer v. Nevada System of Higher Educ.*, 555 F.3d 1051, 1055-56 (9th Cir. 2009); *Kendall v. City of Chesapeake*, 174 F.3d 437, 440-43 (4th Cir. 1999). Accordingly, the Court finds that relief under § 1983 is not available to Plaintiff where FLSA provides a sufficiently comprehensive remedial scheme and the Court will analyze this claim under the rubric of the FLSA.

Gorney asserts that he submitted a wrongful conduct disclosure (referred to as Wrongful Disclosure Count 2 in the Complaint) to Defendant Thomas Miller, directed against Defendant Husman, alleging an abuse of authority, mismanagement, and a violation of any law. Gorney alleges that Defendant Husman's refusal to pay Gorney back pay and overtime compensation, which Gorney asserts was a violation of the FLSA and Arizona law. (Complaint, ¶ 10). Moreover, Gorney asserts that Defendant Miller did not follow proper procedures "in accordance with UA policy 6-914" and therefore Defendant Miller created "retaliatory adverse personnel actions" against Gorney and was "directly responsible for [Gorney's] termination from employment for insubordination."] (*Id*.). Additionally, Gorney alleges in Count Two that Defendant Vaillancourt "was also directly responsible for [Gorney's] … termination …because Dr. Vaillancourt did not excuse herself [due] to a conflict of interest when I made my request for a whistleblower

review hearing." (*Id*.). Gorney alleges that Defendant Mok was "directly involved with direct retaliation which directly involved [the] … FLSA overtime disclosure by refusing to investigate the probative evidence that [he] … introduced at the … administrative hearing." (*Id*.).

The FLSA anti-retaliation provision provides that it is unlawful:

[T]o discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3).

Gorney alleges that he disclosed wrongful conduct that was "in [Gorney's] opinion … a violation of the [FLSA]." (Complaint, ¶ 10). The Complaint does not allege that he put his employers on notice that he was making a complaint pursuant to the FLSA. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, --- U.S. ---, 131 S.Ct. 1325, 1335 (2011)(FLSA requires employers be given fair notice that an employee is making a complaint under the Act, which notice be oral or written, but "must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.") Gorney does not allege that he ever filed any complaint or instituted any proceeding under or related to United States Code, Title 29, Chapter 8 (FLSA), and thus Count Two must be dismissed as to the individual defendants.

Counts Three through Five allege violations of Gorney's constitutional rights. The complaint asserts that Defendants violated the First Amendment, and the Equal

Protection Clause and the Due Process Clause of the Fourteenth Amendment (Complaint, ¶ 3). Plaintiff "has no cause of action directly under the United States Constitution." *Azul–Pacifico Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). "[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Id.*; *see Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Plaintiff's third through fifth claims are not brought under § 1983 or any other federal statute. To state a claim under § 1983, a plaintiff must allege facts that support (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).

In Count Three; Gorney alleges that, because he exercised his free speech rights and reported alleged violations of federal and state laws, "each defendant directly participated in retaliatory adverse personnel behavior by failing to take the appropriate actions to prevent eighteen adverse personal actions from occurring." (Complaint, ¶ 11) In order to state a claim under the First Amendment, Gorney must show that (1) he was subjected to an adverse employment action; (2) he engaged in speech that was constitutionally protected because it touched on a matter of public concern; and (3) the protected expression was a substantial motivating factor for the adverse action. *Ulrich v. City and County of San Francisco*, 308 F.3d 968, 976 (9th Cir. 2002). The only described disclosure, that he complained that he had not been paid overtime, fails to show that he spoke on a matter of public concern or as a private citizen. Speech that addresses the speaker's own personnel disputes or grievances is not speech of a public concern but

rather of personal interest. *Thomas v. City of Beaverton*, 379 F.3d 802, 808 (9th Cir. 2004). Plaintiff alleges that Defendant Miller acted in "bad faith" by finding that his disclosures "were personal in nature and did not rise to the level of public concern" (Complaint, ¶ 6), and that Defendant Vaillancourt accordingly agreed with Defendant Miller's determination (Complaint, ¶ 7). Plaintiff does not allege any facts to show that he spoke as a matter of public concern, and his conclusory allegations against Defendants Miller and Vaillancourt fail to state a claim.

In Count Four, Gorney alleges that, as a "member of a specific protected class of people because [he] engaged in a 'protected activity'" of reporting alleged violations of the FLSA and state law to his employer, he was denied equal protection of the law by defendants because each defendant failed to take the appropriate action to prevent his unlawful termination. (Complaint, ¶ 11). Gorney's Equal Protection claim fails, because he does not allege any facts to show that he was discriminated against as a member of a protected class. *See Barren,* 152 F.3d at 1194.

In Count Five, Gorney alleges that he was denied his procedural due process rights to investigate his termination in a timely manner and the right to appeal his termination by named Defendant Vaillancourt, and interim University President Eugene G. Sanders, who is not named in the Complaint.

The Fourteenth Amendment of the United States Constitution protects individuals against the deprivation of liberty or property by the government without due process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir.1993). A § 1983 claim based on denial of procedural due process has three elements: 1) a constitutionally

protected property or liberty interest; 2) deprivation of that interest by the government; and 3) lack of process. *Id*.

Gorney's Due Process claim fails because he does not allege facts to show that he had a property or liberty interest in his position. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). A mere expectation that employment will continue does not create a property interest. *Id*. The court concludes that the Complaint also fails to allege sufficient facts to establish a liberty interest that would entitle Gorney to procedural due process. "[T]ermination of a public employee which includes publication of stigmatizing charges triggers due process protections." *Mustafa v. Clark County School Dist.*, 157 F.3d 1169, 1179 (9th Cir. 1998) (citing *Roth*, 408 U.S. at 573). To state a liberty interest due process claim, a plaintiff must show that "1) the accuracy of the charge is contested; 2) there is some public disclosure of the charge; and 3) the charge is made in connection with termination of employment." *Brady v. Gebbie*, 859 F.2d 1543, 1552 (9th Cir. 1988); *Mustafa*, 157 F.3d at 1179.

Assuming Plaintiff has a constitutionally protected property or liberty interest in his position, his § 1983 claim fails because his allegations do not demonstrate a denial of procedural due process. *See Boston Envtl. Sanitation Inspectors Assoc. v. City of Boston*, 794 F.2d 12, 13 (1st Cir. 1986) ("[A] claim of lack of available due process fails on the merits where there is a process available under state law.") (internal citations omitted). In the public employment, constitutional due process "requires 'some kind of hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)

(quoting *Roth*, 408 U.S. at 569–570). "[T]he formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings." *Id.* at 545 (quoting *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971)). The timing, content of the notice and form of the hearing will depend upon a proper balancing of the competing interests involved. *See Goss v. Lopez*, 419 U.S. 565, 579 (1975).

Plaintiff Gorney alleges that prior to his termination on May 25, 2011, he was provided an administrative review hearing on May 17, 2011, and a termination of employment review hearing on May 18, 2011. (Complaint, ¶¶ 9, 10) Following his termination, he alleges he requested an administrative appeal hearing regarding termination from employment, but was denied procedural due process because he waited approximately 45 days for a response to his request from Defendant Vaillancourt. (Complaint, ¶ 13) Gorney also alleges that interim President Sanders violated his procedural due process rights because President Sanders had a conflict of interest in the matter, and delayed his administrative appeal hearing for one year. President Sanders is not named in the Complaint. Assuming a protected interest, Gorney has not alleged that post-deprivation procedures provided an inadequate process to protect his interest and that he was injured as a result. A lengthy adjudication process is not indicative of a constitutional violation, unless it can be shown that it was unreasonably prolonged. *Cleveland Board of Education*, 470 U.S. at 547 ("[a] 9-month adjudication is not, of course, unconstitutionally lengthy per se"). Having failed to allege facts demonstrating a property right or liberty interest in his position, Gorney has failed to state a claim for a

violation of his procedural due process rights.

Because the Court cannot say that the federal claims in the Complaint could not possibly be cured by the allegation of other facts, the Magistrate Judge recommends the Court give Plaintiff leave to amend, rather than grant Defendants motion to dismiss with prejudice. The Court should not otherwise dismiss with prejudice unless it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir.1997).

### 2. *Personal Liability – Qualified Immunity*

The individual Defendants in this case argue that any claim against them should be dismissed because they are entitled to qualified immunity. When considering a claim of qualified immunity, courts should determine whether a defendant violated a constitutional right and, if so, whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). District courts should be permitted to exercise their discretion in deciding which of the two prongs should be exercised first. *Pearson v. Callahan*, 555U.S. 223 (2009). Defendants argue that the alleged acts of the individual defendants – asking an employee about his request for overtime pay, requiring an employee to meet with them to discuss his job duties and request for overtime, and believing that an employee's complaints about overtime was personal in nature and not a matter of public concern – were objectively reasonable and entitled the individual Defendants to qualified immunity.

Plaintiff has failed to state a claim as to all of his constitutional claims, and thus,

the individual Defendants are entitled to qualified immunity as the Complaint is drafted. Nonetheless, as stated above, the Court believes the defects could be cured with proper drafting of the Complaint, and recommends that Defendants' motion to dismiss be granted with leave to amend by Plaintiff.

### 3. *State Claims*

Defendants argue that Plaintiff's claims for wrongful termination, breach of the implied covenant of good faith and fair dealing, and tortious interference with contractual relations (Counts One, Six, and Seven) are time-barred because under Arizona law, a one year statute of limitations applies to all claims against a public entity or public employee. A.R.S. § 12-821 ("All actions against any public entity or public employee shall be brought within one year after the cause of action accrues."); *Allstate Life Ins. Co. v. Robert W. Baird & Co.*, Inc., 756 F.Supp.2d 1113 (D.Ariz. 2010)("Arizona law imposes a one-year statute of limitations on claims against the state or municipality from the time those claims accrue."). Plaintiff alleges that he was wrongfully terminated on May 25, 2011. (Doc. 1, ¶ 9) and was required to file suit on his state-based claims no later than May 25, 2012. He filed his lawsuit six-and-one-half-months later on December 12, 2012.

Plaintiff responds that the limitations period does not begin to run until after a final notice of disposition is issued in an alternative dispute resolution procedure. *See Pritchard v. State*, 163 Ariz. 427, 432 (1990)(statute of limitations a procedural requirement "subject to waiver, estoppel and equitable tolling."); A.R.S. § 12-821.01(C)(providing for equitable tolling of time in which to give notice of a potential claim and to sue on the claim until after final disposition of alternative dispute resolution

or administrative claim or review process). Plaintiff states that Defendant Mok made her final determination affirming his termination from employment on July 14, 2012, and he had until July 14, 2013 to file his state claims. The Magistrate Judge finds that, Plaintiff's termination review process was not mandatory, Plaintiff's claims accrued on May 25, 2011, and Plaintiff's Complaint is untimely.

Plaintiff alleges that he appealed his termination pursuant to The University of Arizona Policy 406.0. (Complaint, ¶ 16.) The University of Arizona Staff Dispute Resolution Procedures dictate the process for employee appeals from employment decisions. That policy states that "any classified employee *may* file a dispute resolution request where the action complained about involves a violation of public policy such as retaliatory action for making a good-faith disclosure of alleged wrongful conduct to a public body or to the designated University official." (Doc. 11, Staff Dispute Resolution Procedure, UA Policy 406.0 at 1, Reply, Ex. 1)[1] Section 12-821.01(C), tolls only claims that *must* be submitted to an administrative claim or review process:

> [A]ny claim that *must* be submitted to a binding or nonbinding dispute resolution process or an administrative claims process or review process pursuant to a statute, ordinance, resolution, administrative or governmental rule or regulation, or contractual term shall not accrue for the purposes of this section until all such procedures, processes or remedies have been exhausted.

A.R.S. § 12-821.01(C)(emphasis added).

---

[1] Defendants have attached a copy of this policy, and Defendant Mok's July 26, 2012 letter to Gorney as Exhibits 1 and 2 to Defendants' Reply. Although courts will not normally look beyond the pleadings in resolving a Rule 12(b)(6) motion, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001), the Court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.1986).

Because Plaintiff did not have to first exhaust his tort claims through the Rules process, A.R.S. § 12-821.01(C) does not toll the time for filing his tort claims. *See eg.*, *Biggs v. Town of Gilbert*, 2011 WL 1793252 (D.Ariz 2011).

Plaintiff appealed his termination pursuant to The University of Arizona Policy 406.0. (Doc. 1, ¶ 16.) Once that process was complete, Plaintiff had the right to appeal the President's decision to the superior court pursuant to Arizona's Administrative Review Act, A.R.S. 12 § 901. (Doc. 11, Ex. 1 at 4; *see also* letter from Mok to Plaintiff informing him of his right to appeal under Policy 406.0, Ex. 2.) That Act provides that "an action to review a final administrative decision shall be commenced by filing a complaint within thirty-five days from the date when a copy of the decision sought to be reviewed is served upon the affected party." A.R.S. 12 § 904. Defendants assert that Gorney failed to do so in filing this lawsuit five months later on December 22, 2012.

Plaintiff was not required to appeal his termination. However, he had one year from his May 25, 2011 termination to file his lawsuit. The notice of claim statute did not extend his deadline to file his state-based claims in this lawsuit. For these reasons, Plaintiff's state-based claims for wrongful termination, breach of the implied covenant of good faith and fair dealing, and tortious interference with contractual relations (Counts One, Six, and Seven) are untimely.

Accordingly, the Magistrate Judge recommends that the District Judge dismiss Counts One, Six and Seven as untimely.

//

//

- 16 -

## IV. CONCLUSION

The Court cannot say that the federal claims in the Complaint cannot be cured by the allegations of other facts, Plaintiff should be allowed an opportunity to cure his defects through amendment of the Complaint. Plaintiff is cautioned that throughout his responses in opposition to Defendants' Motions to Dismiss, Plaintiff frequently refers to conclusory allegations as "facts." If allowed to amend his Complaint, Plaintiff is cautioned that conclusory allegations are not facts and that he must plead actual facts that raise his right to relief above the speculative level. *Papasan v. Allain*, 478 U.S. 265, 286 (1986)("the Court does not have to accept as true a legal conclusion couched as a factual allegation."). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). As noted by Defendants, Gorney has failed to state his claims "in numbered paragraphs, each limited as far as practicable to <u>a single set of circumstances</u>." Fed. R. Civ. P. 10(b). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976). Further, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren*, 152 F.3d at 1194.

## V. RECOMMENDATION

In conclusion, the Magistrate Judge RECOMMENDS that the District Court GRANT Defendants Motion to Dismiss (Doc. 3) as follows:

(1) Dismiss Defendants Arizona Board of Regents with prejudice

(2) Dismiss Counts Two through Five, with leave to amend

(3) Dismiss Counts One, Six and Seven as untimely.

The Magistrate Judge FURTHER RECOMMENDS that the District Court DENY AS MOOT Plaintiffs' Motions for Summary Judgment (Doc. 15) and for Judgment on the Pleadings (Doc. 18).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). No reply to any response shall be filed. *See id.* If objections are not timely filed, then the parties' rights to de novo review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

If objections are filed the parties should use the following case number: **CV 13-0023-TUC-CKJ**.

Dated this 10th day of July, 2013.

_____
Héctor C. Estrada
United States Magistrate Judge