**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Gorney,<br><br>               Plaintiff,<br><br>v.<br><br>Arizona Board of Regents, et al.,<br><br>               Defendants. | No. CV-13-00023-TUC-CKJ<br><br>**ORDER** |

Plaintiff Dale Gorney, who is proceeding pro se, filed this case alleging that he was wrongfully terminated from his employment at the University of Arizona. (Doc. 32, First Amended Complaint (FAC).) Defendants filed a Motion to Dismiss the FAC, and Plaintiff opposed. (Docs. 33, 34.) Magistrate Judge Charles P. Pyle issued a Report and Recommendation (R & R) recommending that the Motion to Dismiss be granted. (Doc. 38.) Plaintiff filed objections to the R & R, and Defendants have filed a response. (Doc. 39, 40.)

The Court will overrule Plaintiff's objections, adopt the R & R, grant the Motion to Dismiss, and terminate the action.

**I.     Governing Standard**

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v.*

*Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *See also, Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

## II.     Procedural Background

Plaintiff filed his action in state court, and Defendants removed the case to the federal district court. Defendants moved to dismiss, and this Court dismissed the complaint with leave to amend. (Doc. 25.) On October 23, 2013, Plaintiff filed his FAC. (Doc. 32.) Plaintiff alleges that he was wrongly terminated from his employment at the University of Arizona (UA) after he made three "disclosures" of wrongful employee conduct and asserted rights under the Arizona Board of Regents whistleblower policy (ABOR Policy 6-914). He names as Defendants the Arizona Board of Regents; Steve Husman, Director of the UA Tucson Area Agricultural Center; Jacqueline Lee Mok, UA Senior Vice President and Chief of Staff, Office of the President; Thomas P. Miller, UA Associate Provost of Faculty Affairs; and Allison Vaillancourt, UA Vice President, Human Resources. (FAC ¶ 11.) Plaintiff asserts claims for (1) wrongful termination in violation of public policy; (2) violation of 42 U.SC. § 1983; (3) retaliation under the Fair Labor Standards Act (FLSA); (4) breach of implied-in-law covenant of good faith and fair dealing; and (5) tortious interference with contract. He seeks reinstatement of employment; an employment contract; backpay; reimbursement for money spent and early withdrawals from his IRA due to his termination; general damages for emotional distress caused from stress due to financial repercussions of his termination; and punitive damages. (FAC ¶¶ 29-32.)

Defendants move to dismiss the FAC, arguing, among other things, that Plaintiff failed to appeal from the University's decision discharging him from employment by filing an action in Superior Court under the Administrative Review Act, Ariz. Rev. Stat. § 12-901 *et seq.*, and that this failure precludes him from filing the claims raised in the FAC. (Doc. 33.)

**III.    Factual Allegations**

Plaintiff does not object to the factual allegations as stated in the R & R, and the Court adopts them. Briefly, the facts show that between March 18 and April 26, 2011, Plaintiff filed a series of complaints (disclosures) regarding his supervisor and several Defendants. He was advised that the matters did not rise to the level of matters of public concern, and he was told to meet with appropriate supervisors.[1]

Plaintiff claimed overtime incurred in drafting the disclosures. (FAC ¶¶ 10.18, 23.1.) Defendant Husman, Plaintiff's supervisor, "required [Plaintiff] on more than one occasion to meet personally with him to discuss overtime and extra work hours…related to the disclosure(s)." (FAC ¶ 23.2).) Plaintiff claimed the disclosures were confidential and refused to meet with Defendant Husman. (FAC ¶ 23.2) Plaintiff was given a Written Warning, placed on Disciplinary Probation, and given a pre-discharge notice for his repeated refusal to meet with Defendant Husman to discuss his overtime claims. (*Id.; see also* FAC ¶ 8 (Plaintiff refused to meet with Defendant Husman while on disciplinary probation).) Plaintiff also refused to meet with Defendant Husman for the disciplinary probation and pre-discharge meetings, because Plaintiff claimed that such "directives to meet with him were illegal." (FAC ¶ 23.4.) On May 25, 2011, Defendant Husman terminated Plaintiff for cause. (FAC ¶ 24.2.)

---

[1] For example, Defendant Miller informed Plaintiff that under ABOR Policy 6-914, Plaintiff "must first make a good faith disclosure of alleged wrongful conduct to a public body or to a designated University officer on a '*matter of public concern.*' The subject of such a disclosure must go beyond personal grievances and internal policies of the University; must fairly relate to a matter of political, social or other concern to the community, rather than merely to the individual who makes the statement; and must be helpful to the community in evaluating the performance of public institutions." (FAC, Ex. 5 (April 18, 2011 Letter)) (emphasis in original.) Defendant Miller wrote Plaintiff that he did "not find the allegations that you have made—that your supervisor refuses to provide work schedules of other employees to you—to rise to the level of a [sic] 'a matter of public concern.'" (*Id.*).

Plaintiff requested a post-termination hearing under University Policy 406.0. (FAC ¶ 24.2.) A hearing was held on May 15, 2012, and on June 22, 2012, the review panel issued the Hearing Decision upholding Plaintiff's termination. (FAC ¶ 25; *see also* Doc. 33, Ex. B.) On July 13, 2012, Defendant Mok accepted the panel's recommendation denying Plaintiff's appeal. (FAC ¶ 25.1; *see also* Doc. 33, Ex. C.) Plaintiff requested reconsideration of the decision, and on July 26, 2012, Defendant Mok affirmed her decision. (FAC ¶ 25.3; *see also* Doc. 33, Ex. D.) In her letter denying the request for reconsideration, Defendant Mok advised that Plaintiff had the right to appeal her decision to the Superior Court pursuant to A.R.S. § 12-901, Arizona's Administrative Review Act, and that such appeal must be filed within 35 days from the date on which Plaintiff was served with the decision denying his request for reconsideration. (Doc. 33, Ex. D.)

It is undisputed that Plaintiff did not seek an appeal pursuant A.R.S. § 12-901. Instead, he filed a separate complaint in state court which Defendants removed to this Court.

**IV.     Analysis**

    **A.     Preclusion and the Eleventh Amendment**

Magistrate Judge Pyle concluded that because Plaintiff failed to file an appeal with the state superior court pursuant to the state's Administrative Review Act, Ariz. Rev. Stat. § 12-901 *et seq.*, within 35 days of receipt of Mok's decision denying reconsideration, Plaintiff is precluded from bringing his claims for wrongful termination, under both state-law and § 1983; his claim for FLSA overtime, and his claim for breach of the implied covenant of good faith and fair dealing. (Doc. 38 at 9-12.) Plaintiff objects to the R & R, arguing that claim preclusion does not apply to his claims and that the Bd. of Regents waived its Eleventh Amendment immunity when it removed the case to federal court. (Doc. 39 at 2.)

First, Plaintiff relies on *Federated Dept. Stores, Inc. v. Moite*, 452 U.S. 394, 403 (1981), asserting that there are cases in which res judicata must give way "to what the

- 4 -

Court of Appeals referred to as 'overriding concerns of public policy and simple justice.'" (Blackmun, J., concurring in the judgment.) But in *Federated Dept. Stores, Inc.,* the Supreme Court reversed the determination of the Ninth Circuit Court of Appeals, which had refused to apply res judicata. The concurrence cited by Plaintiff noted that this case was "clearly not one in which equity requires that the doctrine give way. Unlike the nonappealing party in *Reed* [*v. Allen*, 286 U.S. 191, 209 (1932)], respondents were not 'caught in a mesh of procedural complexities.'" (Cardozo, J., joined by Brandeis and Stone, JJ., dissenting) ("A system of procedure is perverted from its proper function when it multiplies impediments to justice without the warrant of clear necessity.") In fact, the Court in *Federated Dept. Stores, Inc.,* recognized the public policy considerations in applying principles of res judicata:

> The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply "no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata." (Internal citation omitted.) The Court of Appeals' reliance on "public policy" is similarly misplaced. This Court has long recognized that "[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties."

452 U.S. at 401.

Plaintiff further argues 28 U.S.C § "1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged" but that here there has been no state court judgment because Defendants removed the case. (Doc. 39 at 3-4, citing *Migra v. Warren City Sch. District Bd. of Ed.*, 465 U.S. 75, 81 (1984).) He concludes that Article VI of the Constitution contains authority for the Court to apply *Lapides v. Bd. of Regents of Univ. System of Ga.*, 535 U.S. 613 (2002), which held that a State's act of removing a lawsuit from state court to federal court waives its Eleventh Amendment immunity from state-based claims. But in *Embury v. King*, the Ninth Circuit noted that its holding extending *Lapides* to federal claims did not apply to cases where Congress

acted beyond its power over the States and had not validly abrogated the State's immunity through the Fourteenth Amendment. *Embury v. King*, 361 F.3d 562, 566, n. 20 (9th Cir. 2004). As this Court has previously held, because Congress has not validly abrogated the States' sovereign immunity on FLSA claims, *see Alden v. Maine*, 527 U.S. 706, 712 (1999), the Board did not waive its immunity on Plaintiff's FLSA claim by removing this action to federal court. (*See* Doc. 25 at 6.)

In addition, to the extent that Plaintiff is arguing that by removing the case to federal court Defendants waived their preclusion defense the Court disagrees. Plaintiff cites no authority for this argument. *Lapides*, on which Plaintiff apparently relies, addresses waiver of Eleventh Amendment immunity, not waiver of all defenses. As the Supreme Court noted, its holding is limited "to the context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings." 535 U.S. at 617. The Court overrules the objection.

Here, Plaintiff identifies nothing that would justify rejection of issue preclusion/res judicata in this case.

### B. Full and Fair Opportunity to Litigate the Issues

Plaintiff also argues that he did not have a full and fair opportunity to litigate his claims because (1) as previously found by this Court, he filed suit well before the one year statute of limitations and the Administrative Review Act allows only 35 days to file suit and (2) he would not have access to the Arizona Appellate Courts because under the Administrative Review Act, he would have to go straight to the Arizona Supreme court for his appeal.[2] (Doc. 39 at 4-5.) He claims that "the issue is not claim preclusion regarding a state board acting in a judicial capacity but one of validity (what is a lawsuit) and the statute of limitations." (*Id*. at 5.) He argues that the Administrative Review Act is "out of step" with Arizona's Rules of Civil Procedure and Appellate Procedure. (*Id.* at 5-6.) He objects to the Magistrate Judge's application of *United States v. Utah Constr. &*

---

[2] Defendants filed a Motion to Dismiss the original complaint, arguing that the complaint was not filed within the one-year statute of limitations. (Doc. 3.) The Court applied equitable tolling and held that the complaint was timely filed. (Doc. 25 at 10.)

- 6 -

*Mining Co*., which Plaintiff argues applied to government contracts and dispute clauses. (*Id*. at 5.) Plaintiff does not dispute the R & R finding that the Arizona Board of Regents is an agency subject to the state's Administrative Review Act. (*See* Doc. 38 at 6.)

The R & R notes that "[w]hen a state agency acts in a judicial capacity to resolve disputed issues of fact and law properly before it, and when the parties have had an adequate opportunity to litigate those issues, federal courts must give the state agency's fact-finding and legal determinations the same preclusive effect to which it would be entitled in that state's courts." (Doc. 38 at 6, citing *Olson v. Morris,* 188 F.3d 1083, 1086 (9th Cir. 1999) (citing *University of Tennessee v. Elliott,* 478 U.S. 788, 798-99, (1986).) Plaintiff argues that *Olson* states that courts "have denied preclusive effect to administrative agency determinations where the plaintiff was denied an adequate opportunity to litigate issues regardless of whether the state court would have done so." (Doc. 39 at 7, quoting *Olson*, 188 F.3d at 1086, citing *Mack v. South Bay Beer Distributers Inc*., 789 F.2d 1279, 1283-84 (9th Cir. 1986).)

But in *Olson*, the Court found that claim preclusion was appropriate, including for the plaintiff's First Amendment claim, because the procedures at the administrative hearing comported with the requirements of *Utah Construction*. 188 F.3d at 1086. Specifically, Olson had contested the revocation of his psychologist's license; the revocation was based on his performance of an exorcism. The civil rights action asserted that revocation of his license violated his First Amendment religious freedoms. The Court of Appeals found that at the administrative proceedings the issue was whether Olson had engaged in unprofessional conduct in the course of providing psychological evaluation and treatment; it was undisputed he knew he was entitled to representation by counsel; and he presented a largely factual defense at the hearing, offering evidence that the psychological services he rendered were an appropriate "modality" under the circumstances of the case. The appeals court noted Olsen specifically asserted before the Board his right to freedom of religion under the First Amendment. *Id.* at 1087.

- 7 -

And *Mack*, where the court found no adequate opportunity to litigate an age-discrimination claim at the administrative level, is distinguishable from Plaintiff's case. In *Mack*, a discharged employee had been denied unemployment benefits and later brought an action for age discrimination. The Ninth Circuit held that because of the nature of the proceedings, there was no adequate opportunity to litigate the plaintiff's age-discrimination claims before the Unemployment Insurance Appeals Board, noting that the Administrative Law Judge made no specific findings concerning the plaintiff's age- discrimination claim and the record did not disclose whether evidence was ever presented on the issue. *Mack*, 789 F.2d 1283-84.

To apply claim preclusion, the district court must independently assess the adequacy of the state's administrative forum and determine whether it was conducted with sufficient safeguards to be equated with a state court judgment. *Olson,* 188 F.3d at 1086 (citing *University of Tennessee v. Elliott,* 478 U.S. 788, 798-99, (1986); *Guild Wineries and Distilleries v. Whitehall Co.,* 853 F.2d 755, 758 (9th Cir.1988)). In addition, *Utah Construction* requires that: (1) the administrative agency act in a judicial capacity; (2) that the agency resolve disputed issues of fact properly before it; and (3) the parties have an adequate opportunity to litigate. *Utah Construction & Mining Co.,* 384 U.S. 394, 422 (1966).

Plaintiff does not object to the findings of fact set forth in the R & R as to the procedures at the hearing. The Magistrate Judge found that

> [Plaintiff] admitted 44 exhibits into evidence, made an opening statement, examined and cross-examined witnesses, called no witnesses but testified in his own behalf, and made a closing argument to the panel. (*Id.*). The panel and Hearing Officer issued a Hearing Report setting forth: a Hearing Summary; a Statement of the University Disciplinary Action Policy; Background of the Dispute; Findings of Fact; Conclusions; and Panel Recommendations. (*Id.*) The Hearing Decision also reflects that [Plaintiff] requested: "many forms of compensation and relief from the University, including reinstatement, back pay to June 1, 2011 with interest thereon, a written employment contract, liquidated damages under the Fair Labor Standards Act and compensation for penalties associated with early withdrawal of retirement funds."2  (*Id.* at p. 4). After the Hearing Decision issued, [Plaintiff] was permitted to request reconsideration of the decision

(Defendants' Motion, Exh. C), which he did, and which was denied. (Motion, Exh. D).

(Doc. 38 at 7.) The Court adopts these findings. The Magistrate Judge also found that Plaintiff "was informed of his right to file an appeal with the state superior court pursuant to Arizona's Administrative Review Act, A.R.S. § 12-901, *et seq.*, within 35 days from receipt of Defendant Mok's decision denying his request for reconsideration, (*see* Defendants' Motion, Exh. D)" and did not do so. (*Id.*) The Court adopts this finding.

The R & R also concluded that the procedures met the criteria in *Utah Construction*. (*Id.*) Plaintiff objects to this conclusion; as noted he objects on the grounds of the statute of limitations, the lack of available review by Arizona's Court of Appeals, and, apparently, that an appeal under the Administrative Procedure Act is not a "lawsuit" or "civil action" within the meaning of the Arizona Civil Procedure Act. The Court overrules these objections. Plaintiff does not actually object that he had an inadequate opportunity to litigate his issues at the administrative hearing.

First, the jurisprudence on the preclusive effect of state agency fact-finding and legal determinations clearly contemplates the use of state-agency procedures that are not identical to procedures used in civil lawsuits in the state courts. That is why the district court is to determine the adequacy of the opportunity to litigate the issues at the administrative hearing. There is no requirement that administrative procedures or review be identical to state-court procedures. Plaintiff fails to explain why the shorter statute of limitations or the lack of appellate-court review denied him an adequate opportunity to litigate his issues at the administrative hearing.[3]

The Court also overrules Plaintiff's objections as to the propriety of the Administrative Review Act. As Defendants note, the Arizona Court of Appeals held that

---

[3] The Court notes that the shorter statute of limitation is appropriate because the issues have been identified by the administrative procedure and record and the action to review will review the existing administrative record. Ariz. Rev. Stat. § 12-904 A, B. In addition, the decision, order, judgment or decree of the superior court is reviewable by the Arizona Supreme Court; therefore appellate review is available. *Id.* § 12-913. The review is de novo. *See Carlson v. Ariz. State Personnel Bd.*, 214 Ariz. 426, 153 P.3d 1055 (App. Div. 1 2007).

- 9 -

an unclassified employee who believes he was terminated for whistleblowing "may file <u>either</u> a wrongful discharge action or an administrative complaint." (Doc. 40 at 4-5, citing *Walters v. Maricopa County,* 195 Ariz. 476, 481, 990 P.2d 677, 682 (App. 1999) (emphasis added).) If such an employee wants to forego the expeditious route of an administrative review, he may file directly with the court. *Id.* But an employee may not file an administrative complaint, appeal the administrative decision, and file a wrongful termination action, which would be a prohibited collateral attack of the administrative decision. *See Mullenaux v. Graham County*, 207 Ariz. 1, 7, 82 P.3d 362, 368 (App. 2004) and *Guertin v. Pinal County*, 178 Ariz. 610, 612, 875 P.2d 843, 845 (App. 1994). Moreover, the statutory language makes clear that an appeal of an administrative determination to the superior court is an "action"; the Administrative Procedure Act consistently refers to "an action" to review a final administrative decision. Ariz. Rev. Stat. §§ 12-903A, 904A, 905B, 906, 908.

As to Plaintiff's claim for wrongful termination, the hearing Decision finds that supervisory employees did not provide advance authorization for Plaintiff's overtime work; Plaintiff repeatedly refused to meet with his supervisors and, contrary to Plaintiff's claim, the information sought by his supervisor was not confidential for purposes of the UA's whistleblower protection policy; the meeting requests were reasonably necessary to direct the work force; and Plaintiff was insubordinate in repeatedly failing to comply with reasonable instructions and directives. (Doc. 33, Ex. B.) The determination of sufficient grounds to terminate Plaintiff is sufficiently established. Other than the statute of limitations and state-court arguments, which the Court rejects, Plaintiff does not claim that he had an inadequate opportunity to litigate this issue at the administrative proceeding. Plaintiff is precluded from bringing a claim for wrongful termination.

Plaintiff's § 1983 claim relies on the same facts as his wrongful termination claim. Specifically, he alleges that Mok, Miller, Husman, and Vaillancourt violated his First Amendment and the Fourteenth Amendment rights. (FAC ¶ 11.) He claims that his disclosures fell within the whistleblower policy and statute and that Defendants retaliated

1  against him and violated his constitutional rights by, *inter alia,* not following ABOR
2  Policy 6-914, by failing to authorize overtime, and by terminating his employment.  He
3  asserts that in retaliation for filing his complaint with the Department of Labor regarding
4  overtime violations, Vaillancourt delayed the his post-termination review hearing six
5  months and failed to inform him he was eligible for re-employment with the UA.  (FAC
6  ¶¶ 24.3-23.4).  Plaintiff further claims that Mok violated his constitutional rights by
7  "collaborating" with the hearing review panel, denying him access to ABOR Policy 6-
8  914, condoning Vaillancourt's delay of the post-termination review hearing, and denying
9  the for reconsideration.
10    Plaintiff does not object to the Magistrate Judge's finding that these issues could
11  have been brought   before the hearing panel or on appeal to the state court.  Thus, the
12  Court adopts the R & R as to these matters and holds that his failure to appeal precludes
13  the claims under § 1983.
14    Regarding the FLSA claim, Plaintiff asserts that Defendants' violation of ABOR
15  Policy 9-614, in failing to accord his disclosures whistleblower protection, in turn,
16  resulted in retaliation against him in violation of the FLSA.  (FAC ¶¶ 26.1-26.5.)  He
17  argues that the Board waived Eleventh Amendment immunity when it removed the case
18  to federal court; the Court has already rejected this argument.  Moreover, the FLSA issue
19  was raised at the administrative hearing, he requested damages, and findings were made
20  regarding the claim for overtime.  Plaintiff could have raised his claim on appeal to the
21  state court pursuant to the Administrative Review Act, but he did not, and does not object
22  to the findings.  The Court adopts the R & R as to the FSLA claim.  Plaintiff is precluded
23  from raising this claim in a separate suit.
24    Plaintiff raises a claim for breach of the implied-in-law covenant of good faith and
25  fair dealing.  This Court has already held that Arizona does not recognize such; a claim
26  "in Arizona, a 'tortious []bad faith[] cause of action arising out of a breach of
27  employment agreement, when no public policy is violated, is prohibited."  (Doc. 25 at
28  15.)  Moreover, the Hearing Decision found sufficient grounds to terminate Plaintiff's

employment. Because he did not properly appeal the decision, he is precluded from raising the claim in a separate lawsuit. The Court adopts the R & R as to this claim.

Finally, Plaintiff claims tortious interference with a contractual relationship, alleging that Mok, Miller, Vaillancourt, and Husman acted outside the scope of their authority to tortiously interfere with his contractual employment relationship with the University and that they "collaborat[ed] with each other by refusing [him] access to policy 6-914 and condoning [his] unlawful termination from employment." (FAC ¶ 28.) The District Court previously dismissed this claim because "the Defendants are all employees of the University and according to the Complaint were acting within the scope of their authority in assessing Plaintiff's disclosures, Defendants cannot be liable for interfering with Plaintiff's contractual relationship. (Doc. 25 at 16.) In the R & R, the Magistrate Judge found that although Plaintiff now claims that they acted outside the scope of their authority by violating University policies and state and federal law, Plaintiff failed to allege facts showing that Defendants were not acting as university employees at the relevant times. Plaintiff does not object to this finding. Moreover, as noted, the Hearing Decision established sufficient grounds for termination. The Court adopts the R & R as to this claim.

### C. Unclean Hands

Plaintiff argues that even if issue preclusion applies to other claims, it should not apply to his first claim for wrongful termination. (Doc. 39 at 11-13.) He asserts generally that the Bd. of Regents has unclean hands because it knew or should have known that Plaintiff's disclosures were legitimate under the UA policy. But the question for claim preclusion is whether Plaintiff had an adequate opportunity to litigate these matters at the administrative hearing, and he offers nothing to show that he did not. Moreover, the arguments he makes now could have been raised on appeal from the administrative decision.

Having reviewed the pleadings and considering Plaintiff's arguments, the Court finds that Plaintiff had an adequate opportunity to present evidence at the administrative

hearing, the agency resolved issues of fact properly before it, and the findings of fact and conclusions of law relate to the issues raised in the present lawsuit. Plaintiff did not file an action in state court to appeal the administrative decision. Therefore, Plaintiff is precluded from bringing the present action. Because amending the complaint would be futile, the Court will grant the Motion to Dismiss without leave to amend.

Accordingly,

**IT IS ORDERED:**

(1) The Report and Recommendation (Doc. 38) is **adopted**.

(2) Defendants' Motion to Dismiss (Doc. 33) is **granted**, and the claims in the First Amended Complaint are **dismissed with prejudice**, without leave to amend the First Amended Complaint.

(3) The case is terminated, and the Clerk of Court is directed to enter judgment accordingly.

Dated this 3rd day of September, 2014.

Cindy K. Jorgenson
United States District Judge